IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CURTIS A. SMITH**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **10-242-DRH** |
| | ) |
| **ILLINOIS ASSOCIATION OF** | ) |
| **SCHOOL BOARDS, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is the parties' joint motion for reconsideration of the Court's August 16, 2010, order (Doc. 44) denying their motion for entry of a "negotiated" "Stipulated Confidentiality Agreement and Protective Order." (Doc. 47.) The parties submit an amended proposed confidentiality agreement and protective order, correcting the general errors previously noted by the Court. With respect to the Court's refusal to keep confidential information related to hiring for the position of superintendent of a public school district, the parties now inform the Court that the defendant Illinois Association of School Boards (IASB) acted in a private capacity as search service, operating under a contract which provides that the applicant records are to remain confidential. The IASB claims the disclosure of its records would be the "death knell" of its business model. The IASB is otherwise willing to produce certain applicant records, with names redacted, and the like, understanding that the Court deems the redacted identifying information relevant and admissible at trial, or otherwise necessary for purposes of litigation.

The Court has reviewed the proposed amended confidentiality agreement and protective order.  The parties have made necessary alterations.  Furthermore, the parties' explanation of the nature of the IASB's role in the hiring process is an adequate basis for permitting the redaction of identifying information and conditional protection.  As the Court noted in its prior order, "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record" those documents that "influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter International, Inc. v. Abbott Labs.,* 297 F.3d 544, 545 (7th Cir. 2002).

**IT IS THEREFORE ORDERED** that the parties' joint motion for reconsideration of the Court's  August 16, 2010, order (Doc. 44) denying their motion for entry of a "negotiated" "Stipulated Confidentiality Agreement and Protective Order" (Doc. 47) is **GRANTED**; and the parties' motion for entry of an  "Amended Stipulated Confidentiality Agreement and Protective Order" (Doc. 47) is **GRANTED**.  The Clerk of Court shall have the record reflect that the Court's August 16, 2010, order (Doc. 44) is hereby **VACATED**.  The Clerk of Court shall then file the "Amended Stipulated Confidentiality Agreement and Protective Order."

**IT IS SO ORDERED.**

**DATED:  September 16, 2010**

> s/ Clifford J. Proud
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**