IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CURTIS A. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | No.    3:10 CV 00242 DRH - CJP |
| | ) | |
| ILLINOIS ASSOCIATION OF SCHOOL BOARDS AND HIGHLAND COMMUNITY UNIT SCHOOL DISTRICT NO.5 | ) ) ) ) ) | Judge David R. Herndon<br><br>Magistrate Clifford J. Proud |
| | ) | |
| Defendants. | ) | |

### AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The parties, CURTIS A. SMITH, ILLINOIS ASSOCIATION OF SCHOOL BOARDS AND HIGHLAND COMMUNITY SCHOOL DISTRICT NO. 5, by and through their undersigned attorneys, hereby agree to the entry of this Stipulated Confidentiality Agreement and Protective Order in connection with this litigation.

**IT IS HEREBY ORDERED THAT:**

1.  This Stipulated Confidentiality Agreement and Protective Order shall govern all documents and all other information, as defined in Paragraph 3, hereafter produced or disclosed during this litigation by Plaintiff or Defendants (collectively "Supplying Party" or "Supplying Parties"), in the case, *Smith v. Illinois Association of School Boards and Highland CUSD #5*, Case No. 3:10 CV 00242 DRH-CJP (the "Smith Action"), and designated in accordance with the procedures set forth herein.  This Stipulated Confidentiality Agreement and Protective Order is binding upon the parties to this litigation, including their respective employees, agents, directors and officers and others as set forth

in this Stipulated Confidentiality Agreement and Protective Order. Each of the parties agree that, pending further order of Court, it will make every reasonable effort not to destroy either its own documents or documents it receives from a Supplying Party which are subject to any discovery in this litigation. The parties will inform their employees, agents, partners, directors, officers, trustees and other people responsible for retaining such documents of this requirement.

      2.    "Confidential Information" as used herein means information that constitutes a trade secret or other confidential research, development, or commercial information within the Federal Rules of Civil Procedure, whether the information is a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory, request to admit or response thereto or otherwise. Confidential Information may include tangible things.

      3.    "Confidential Information" includes the following documents submitted by Supplying Parties: (a) IASB documents redacted to protect the identity and personal information (name, social security number, address, current employer) of candidates for superintendent positions at a particular School District; and (b) documents in the possession of Supplying Parties pertaining to the specific candidates included in (a) above including but not limited to resumes, letters of recommendation, personal information statements and supporting documentation of such candidates. All documents to be disclosed containing confidential information as defined above, shall be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" prior to its production, and by letter designating confidential documents by Bates number. Also, stamping or marking such a legend on the cover of any multi-page document shall so designate all pages of such

document, unless otherwise indicated by the producing party. If confidential information as defined above is produced by a third party, the supplying party shall designate the document confidential within 10 days of receipt and supply copies marking them confidential to all parties.

  4. Entry of this Protective Order shall not act as, or be construed as, a waiver, abrogation or limitation of any kind on the right of any party or non-party to assert objections to the production of any information including, but not necessarily limited to, any objections available under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Illinois or under any applicable privilege or other protection available under the law.

  5. Entry of this Stipulated Confidentiality Agreement and Protective Order shall not act as, or be construed as, a waiver, abrogation or limitation of any kind to objections previously asserted, to the production of any information including, but not necessarily limited to, any objections available under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Illinois or under any applicable privilege or other protection available under the law.

  6. Confidential Information shall be disclosed solely to the following persons who shall have read, and who shall have agreed in written statements in the form attached hereto as Exhibit A signed by the persons to be bound by, the terms of this Stipulated Confidentiality Agreement and Protective Order:

    a. Counsel employed by any party to assist in this litigation, the partners and associates in the respective law firms, the stenographic, paralegal and clerical employees and personnel supplied by an independent

          contractor with whom such attorneys work in connection with this litigation, and stenographic employees and court reporters recording or transcribing testimony relating to this litigation;

    b.    Any party to this action, but only on a need to know basis;

    c.    Any non-party witness who is not under oath, provided such persons signs the consent form, which shall be produced when and if such person is disclosed as a witness; and any witness who gives a statement under oath shall receive a copy of this order and, if a witness is deposed, the order shall be shown to the witness and attached to the deposition transcript to memorialize that such person understands that he or she is bound by the terms of this order; and

    d.    Any insurer, reinsurer, auditor, regulator or other entity or person to whom any party or its counsel may be legally obligated to make such disclosure.

7.    Persons having knowledge of Confidential Information shall use that Confidential Information for the purposes of the litigation only, and shall neither use nor disclose such Confidential Information to any other person, for any other purpose. Nothing shall prevent disclosure beyond the terms of this Stipulated Confidentiality Agreement and Protective Order if the party designating the information as "Confidential" consents to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure. Any Confidential Information or any part of a document that has been designated "Confidential" that is part of a pretrial filing shall be filed under seal unless the party designating the information as "Confidential" consents to such disclosure or if the

Court, after reasonable written notice to all affected parties, orders such disclosure. Nothing in this order shall limit the use of Confidential Information at trial if ruled admissible by the Court.

8. With respect to any Confidential Information produced which is subject to the terms of this Stipulated Confidentiality Agreement and Protective Order, counsel shall take all reasonable and necessary steps for its security, will limit access to the Confidential Information only to those persons listed in paragraph 7 of this Stipulated Confidentiality Agreement and Protective Order, and will limit to the offices of counsel or to counsel's possession the places where the Confidential Information is to be kept.

9. The inadvertent or unintentional disclosure by the Supplying Party of Confidential Information shall not be deemed a waiver in whole or in part of any party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or to the same or related subject matter.

10. Any party who has designated a document or information as "Confidential" pursuant to this Stipulated Confidentiality Agreement and Protective Order may remove such document or information from the scope of this Stipulated Confidentiality Agreement and Protective Order by notifying all other counsel in writing of its desire to do so.

11. Each and every paragraph of this Stipulated Confidentiality Agreement and Protective Order shall be without prejudice to any party to bring before the Court at any time the question of whether any particular information is or is not in fact Confidential Information.

12. In the event of a proven violation of this Stipulated Confidentiality Agreement and Protective Order by any of the parties in this action or others designated in paragraph

7 hereof, all parties acknowledge that the offending party or persons may be subject to sanctions determined in the discretion of the Court.

13. The terms of this Stipulated Confidentiality Agreement and Protective Order may only be amended upon a motion to this Court by any party requesting a specific change or modification.

14. The entry of this Stipulated Confidentiality Agreement and Protective Order does not prevent any party from seeking a further order of this Court pursuant to the Federal Rules of Civil Procedure.

15. The Supplying Parties and each of them reserves their rights with regard to seeking entry of an appropriate protective order with regard to other information.

16. This document may be executed in parts.

IT IS SO ORDERED.

DATED: September 16, 2010

s/ Clifford J. Proud
CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE

AGREED TO:

    /s/ Ferne P. Wolf
Ferne P. Wolf
Sowers & Wolf, LLC

DATED:     August 26, 2010

AGREED TO:

    /s/ Douglas Heise
Douglas Heise
Heyl, Royster, Voelker & Allen

DATED:                                    August 26, 2010

AGREED TO:

    /s/ Stephen R. Miller
Stephen R. Miller
Myers & Miller LLC

DATED:     August 26, 2010

# EXHIBIT A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER
## AND AGREEMENT TO BE BOUND

I, _____, do solemnly swear and affirm that I have been provided with a copy, and am fully familiar with the terms of the Stipulated Confidentiality Agreement and Protective Order in *Smith v. Illinois Association fo School Boards and Highland CUSD #5*, United States District Court for the Southern District of Illinois, No. 3:10 CV 00242 DRH-CJP and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by the further Order of this Court. I consent to the jurisdiction of said Court for and purposes of enforcing this Order.

Dated: _____

_____