**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**CURTIS A. SMITH,**

    **Plaintiff,**

**v.**

**ILLINOIS ASSOCIATION OF
SCHOOL BOARDS, et al.,**

    **Defendants.**             **No.: 3-10-cv-00242-DRH-CJP**

**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, Chief Judge:**

## I. <u>Introduction</u>

Now before the Court is Defendant Illinois Association of School Boards's ("IASB") Motion to Dismiss Plaintiff Smith's First Amended Complaint (Doc. 38). Defendant contends Plaintiff has failed to adequately plead his claims of age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA") against IASB in Counts I and III of his complaint. Defendant further argues that Plaintiff's claim for punitive damages in Count III of the complaint should be stricken as the ADEA does not allow for punitive or emotional distress damages. In response, Plaintiff filed a memorandum opposing Defendant's motion, arguing he has adequately pleaded his claims under the ADEA and is entitled to punitive damages for his ADEA retaliation claim (Doc. 39). Based on the following, the Court **DENIES IN PART** and **GRANTS IN PART** the motion to dismiss.

In his complaint, Plaintiff alleges Defendant IASB is an employment agency which was seeking applicants on behalf of Defendant Highland for the position of Superintendent. Plaintiff contacted Defendant IASB about potentially applying for that position. Larry Dirks, an employee of Defendant IASB, told Plaintiff that Highland was looking for someone younger for the Superintendent position. Plaintiff nonetheless submitted an application for the Highland position to Defendant IASB. Defendant IASB did not forward Plaintiff's name to Defendant Highland. Defendant Highland eventually hired someone younger than Plaintiff for the position.

Plaintiff expressed disapproval to a supervisor at IASB. After his complaint, Plaintiff continued applying for positions through IASB but alleges he was omitted from consideration because of his opposition to these practices.

On April 25, 2008, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging Defendant IASB discriminated against him because of his age. He later filed an amended Charge adding a complaint against Defendant Highland.

Plaintiff then filed suit against both IASB and Highland. The Complaint alleges that Defendants IASB and Highland discriminated against him based on his age and that Defendant IASB retaliated against him for opposing unlawful practices under the ADEA (Doc. 31).

## II. **Motion to Dismiss Standard**

When ruling on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must determine whether the

complaint satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8.** According to **Rule 8**, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief. **FED. R. CIV. P. 8(a)(2).** The Supreme Court has held that **Rule 8** requires a complaint allege "enough facts to state a claim of relief that is plausible on its face" to survive a **Rule 12(b)(6)** motion. ***Bell Atlantic Corp. V. Twombly,* 550 U.S. 544, 570 (2007)**. Further, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief" by providing 'more than labels and conclusions' because a formulaic recitation of the elements of a cause of action will not do..." ***Id.* at 555-56 (quoting *Papasan v. Allain,* 478 U.S.265, 286 (1986)**. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'***Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 557)**.

The Supreme Court recently made clear that the federal pleading standard under Rule 8 as discussed in ***Twombly*** applies "for all civil actions." ***Id.* at ---, 129 S. Ct. at 1953**. ***Iqbal*** identified the "two working principles" underlying the decision in ***Twombly***: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice;" and (2) "only a complaint that states a plausible relief survives a motion to dismiss." ***Id.* at ---, 129 S. Ct. at 1949 (citing *Twombly*, 550**

**U.S. at 555-6)**. Thus, a court should only assume to be true a complaint's well-pleaded factual allegations, and not its mere legal conclusions, when determining whether such allegations plausibly give rise to relief. ***Id.* at ---, 129 S. Ct. at 1950**.

### III. <u>Analysis</u>

**A.     Adequacy of Pleadings**

In its motion, IASB argues Plaintiff failed to adequately plead his claims of employment discrimination and retaliation under the ADEA. Regarding Count I, IASB contends Plaintiff failed to adequately plead a claim of employment discrimination by failing to plead a prima facie case of discrimination under the ADEA. Specifically, IASB argues Plaintiff needed to allege that he was qualified for the position and that the candidate who was ultimately offered the position was less qualified than him in order to adequately plead his claim. As to Count III, IASB contends Plaintiff failed to adequately plead a claim of retaliation by failing to plead a prima facie case. However, as Plaintiff contends, a prima facie case is an evidentiary standard, not a pleading requirement.

The United States Supreme Court has expressly held that a prima facie case is not a pleading requirement. ***Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 510 (2002)**. The Supreme Court stated that because the prima facie standard varies depending on the nature of the case, it may be difficult to define the precise formula of the required prima facie case until discovery has unearthed relevant facts and evidence. ***Id.* at 512**. Accordingly, Plaintiff need not plead a prima facie case under

the ADEA to survive a motion to dismiss.

As to Count I, the ADEA provides it is "unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age." **29 U.S.C. § 623(b)**. In his complaint, Plaintiff alleges IASB, an employment agency, refused to refer him for employment because of his age. Therefore, Plaintiff has adequately pleaded discrimination under the ADEA. Accordingly, Defendant's Motion to Dismiss is **DENIED** with respect to this claim (Doc. 38).

Regarding Count III, the ADEA states it is unlawful for "an employment agency to discriminate against any individual... because such individual... has opposed any practice made unlawful by this section." **29 U.S.C. § 623(d)**. Plaintiff alleged IASB refused to refer him for other employment positions because he opposed IASB's practice in refusing to initially refer him to Highland. Thus, Plaintiff has adequately pleaded retaliation under the ADEA. Defendant's Motion to Dismiss is, therefore, **DENIED** regarding this claim (Doc. 38).

**B.    Punitive Damages Claim**

In its motion, IASB further argues Plaintiff is not entitled to punitive damages for his retaliation claim in Count III. IASB contends the ADEA does not authorize punitive or emotional distress damages. In response, Plaintiff argues that, while punitive damages are not available for an ADEA discrimination claim, they are

available for an ADEA retaliation claim, as sought in the complaint. The Court, however, concludes punitive damages are not available under the ADEA and **GRANTS** Defendant's motion with respect to this claim.

The Seventh Circuit has long held that punitive damages and damages for pain and suffering are not available under the ADEA. ***Pfeiffer v. Essex Wire Corp.,*** **682 F.2d 684, 688 (7th Cir. 1982);** ***Franzoni v. Harmarx,*** **300 F.3d 767, 773 (7th Ct. App. 2002)**. Though some courts have allowed for punitive damages in an ADEA retaliation claim, this is contrary to the language and purpose of the statute.

"Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." ***Gross v. FBL Fin. Serv., Inc.,*** **129 S.Ct. 2343, 2350, --- U.S. ---, --- (2009)**. The ADEA provides for enforcement "in accordance with the powers, remedies, and procedures provided in [the Fair Labor Standards Act]." **29 U.S.C. § 626(b)**. In ***Lorillard v. Pons***, the United States Supreme Court specifically held that the ADEA is intended to incorporate the remedies and procedures of the FLSA "*but for* those changes Congress expressly made." **434 U.S. 575, 582 (1978)**. Here, Congress has expressly prohibited punitive damage awards under the ADEA.

The ADEA, in relevant part, provides "[a]mounts owing to a person as a result of a violation...shall be deemed to be unpaid...wages." **29 U.S.C. § 626(b)**.

This language limits damage awards to amounts resulting from unpaid wages, which clearly do not include punitive damages. Though the ADEA grants courts broad discretion to grant relief, this relief is limited to that "appropriate to effectuate the purposes of this chapter." *Id.* Further, the statute limits this broad judicial authority to "such legal and equitable relief... including without limitation for judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid...wages." *Id.* This expansive grant of judicial authority provides courts discretion to supplement unpaid wages awards with injunctive relief, orders of reinstatement or promotion, or similar non-monetary remedies fulfill the purposes of the ADEA. ***Eggelston v. South Bend Cmty. Sch. Corp.***, **858 F. Supp. 841, 856 (N.D. Ind. 1994) (citing *Johnson v. Al Tech Specialty Steel Corp.*, 731 F.2d 143 (2nd Cir. 1994)).**

Though the ADEA incorporates the remedies of the FLSA, those remedies are not permitted where Congress has provided otherwise. The language of the ADEA limits legal relief to unpaid wages, which can be supplemented with various forms of non-monetary remedies. The Seventh Circuit has long held punitive damages are not available under the ADEA, and the language of the statute clearly supports this conclusion. Therefore, the Court disagrees with Plaintiff's contention that punitive damages are allowed under the ADEA for retaliation claims. Accordingly, the Court **GRANTS** Defendant's motion to dismiss the claim for punitive damages in Count III of the complaint (Doc. 38).

### IV.  Conclusion

Defendant's Motion to Dismiss is **DENIED IN PART** and **GRANTED IN PART** (Doc. 38). The motion is **DENIED** with respect to the claim that Plaintiff has failed to adequately plead discrimination and retaliation under the ADEA. The motion is **GRANTED** regarding Defendant's claim that punitive damages sought in Count III must be stricken.

**IT IS SO ORDERED**.

Signed this 22nd day of October, 2010

David R. Herndon
2010.10.22
10:13:39 -05'00'

**Chief Judge**
**United States District Court**