IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CURTIS A. SMITH,**

    **Plaintiff,**

v.

**ILLINOIS ASSOCIATION OF
SCHOOL BOARDS, et al.,**

    Defendants.                            No.: 3-10-cv-00242-DRH-CJP

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is plaintiff's motion in limine (Doc. 160). Specifically, plaintiff moves in limine pursuant to Federal Rules of Evidence 401 and 403 to exclude:

> Any claim plaintiff failed to apply for certain types of jobs and/or specific job vacancies and any claim plaintiff should have applied for certain types of jobs and/or specific job vacancies.

Plaintiff argues that this information is irrelevant to the issue of liability and damages and inadmissible and that this information would confuse the issues and mislead the jury. Defendant Illinois Association of School Boards ("IASB") counters that this information is highly relevant to two elements of plaintiff's claim, i.e whether plaintiff possessed the requisite qualifications for the positions he sought and whether he complied with his obligation to mitigate his damages. Defendant IASB also counters that his job search is the subject of his retaliation claim and therefore this

information is applicable to the case.

The Court agrees with defendant IASB in that this information is relevant to plaintiff's mitigation of damages and relevant to his retaliation claims.  Failure to mitigate is an affirmative defense which a defendant must prove.  *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 460 (7th Cir. 2006); *Hutchinson v. Amateur Elec. Supply Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994).  Under the ADEA, a plaintiff who is terminated or discharged has an ongoing duty to undertake reasonable and diligent efforts to secure comparable employment.  *See Hunter v. Allis Chalmer Corp.*, 797 F.2d 1417, 1427 (7th Cir. 1986).  Further, this information will not confuse or mislead the jury on the issues it needs to decide.  Accordingly, the Court **DENIES** plaintiff's motion in limine (Doc. 160).

**IT IS SO ORDERED**.

Signed this 28th day of June, 2012.

Digitally signed by David R. Herndon
Date: 2012.06.28 13:55:56 -05'00'

**Chief Judge**
**United States District Court**